IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

QUENTON WALKER,

    Plaintiff,

v.

CASE NO.:

DIVISION:

KANE FURNITURE CORPORATION
d/b/a KANE'S FURNITURE,

    Defendant.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Quenton Walker, by and through the undersigned counsel, brings this action against Defendant, Kane Furniture Corporation d/b/a Kane's Furniture, and in support states as follows:

### **JURISDICTION AND VENUE**

1. This is an action for damages for failure to pay premium for overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. This court has subject matter jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. §201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida, which lies within the Middle District.

### **PARTIES**

4. Plaintiff is a resident of Pinellas County, Florida.

5. Defendant operates a Retail Furniture and Delivery business in Pinellas Park in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

16. Plaintiff began working for Defendant as a Driver's Helper in Pinellas Park in December of 2018, and he worked in this capacity until September 18, 2019.

17. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and he was not paid a minimum wage for all of the hours that he worked.

18. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for his overtime hours at a rate equal to one and one-half times his regular hourly rate.

19. Defendant failed to pay Plaintiff an overtime premium for all of his overtime hours, in violation of the FLSA.

20. Plaintiff regularly worked ten (10) to fourteen (14) hours per day five days per week. Plaintiff averaged approximately 60-70 hours total per week.

21. Plaintiff complained to Defendant about the rate of pay but nothing was done.

22. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

### **COUNT I – FLSA MINIMUM WAGE VIOLATION**

23. Plaintiff realleges and readopts the allegations of paragraphs 1 through 222 of this Complaint, as though fully set forth herein.

24. During the statutory period, Plaintiff worked for Defendant, and he was not paid a minimum wage for the hours that he worked, as mandated by the FLSA.

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

    b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

     c)     An amount equal to Plaintiff's minimum wage damages as liquidated damages;

     d)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

     e)     A declaration that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

     f)     All costs and attorney's fees incurred in prosecuting these claims; and

     g)     For such further relief as this Court deems just and equitable.

## COUNT II – FLSA OVERTIME VIOLATION

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

28. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

     a)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

     b)     Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

     c)     An amount equal to Plaintiff's overtime damages as liquidated damages;

     d)     To the extent that liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of March 2020.

Respectfully submitted,

*/s/ Brandon J. Hill*

**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**